# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOSEPH BALDONADO,

    Plaintiff,

vs.                                          No. CIV 99-366 JC/LCS (ACE)

NEW MEXICO STATE HIGHWAY
AND TRANSPORTATION DEPARTMENT,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Plaintiff's Motion to Amend Judgment to Add Prejudgment and Postjudgment Interest, filed March 16, 2001 *(Doc. 140)*. The Court has reviewed the motions, memoranda and exhibits submitted by the parties, and the relevant authorities. The Court finds that Plaintiff's Motion will be granted in part and denied in part.

## I.     Background

Plaintiff Joseph Baldonado, an employee of Defendant New Mexico State Highway and Transportation Department, is a partial quadriplegic who must use a wheelchair for mobility. Plaintiff brought suit against Defendant claiming that it failed to provide various reasonable accommodations during the course of his employment and discriminated against him on the basis of his disability, all in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. The case proceeded to trial and the jury returned a verdict in Plaintiff's favor for an amount of $1,038,000. The award derives from findings of liability on three separate claims: (1) a failure to reasonably accommodate Plaintiff by failing to equip him with a safe access ramp to his office

1

building; (2) a failure to reasonably accommodate Plaintiff by failing to implement a timely evacuation plan; and (3) discrimination against Plaintiff because of his disability by delaying his promotion.

Subsequently, the Court granted Defendant's Motion for Remittitur of the Jury Verdict or, in the Alternative, for a New Trial, filed March 16, 2001 *(Doc. 142)*, and ordered Plaintiff either to remit $500,000 or proceed with a new trial on the issue of damages. *See* Memorandum Opinion and Order at 13, filed July 6, 2001 *(Doc. 171)*. Plaintiff accepted the remittitur. *See* Plaintiff's Notice of Acceptance of Remittitur, filed July 16, 2001 *(Doc. 173)*. Plaintiff now moves the Court for an order amending the Judgment to include prejudgment and postjudgment interest. Plaintiff's Motion to Amend Judgment to Add Prejudgment and Postjudgment Interest, filed March 16, 2001 *(Doc. 140)*.

**II.     Analysis**

    **A.     Prejudgment Interest**

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Plaintiff moves for an order amending the Judgment to include prejudgment interest. *See* Pl.'s Memorandum in Support of Plaintiff's Motion to Amend Judgment to Add Prejudgment and Postjudgment Interest ("Pl.'s Memorandum"), filed March 16, 2001 *(Doc. 141)*. A timely motion to amend the judgment to include prejudgment interest is properly brought under Rule 59(e). *See Capstick v. Allstate Ins. Co.*, 998 F.2d 810, 812-13 (10th Cir.1993). Such an action tolls the time for appeal because prejudgment interest is considered a part of the plaintiff's compensation, and it is therefore a part of the merits of the trial court's judgment. *See id.*

The purpose of prejudgment interest "is to compensate the wronged party for being

2

deprived of the monetary value of his loss from the time of the loss to the payment of the judgment." *Greene v. Safeway Stores, Inc.*, 210 F.3d 1237, 1247 (10th Cir. 2000). In this case, prejudgment interest is determined under the federal standard which "is governed by a two-step analysis. First, the trial court must determine whether an award of prejudgment interest would serve to compensate the injured party. Second, when an award would serve a compensatory function, the court must still determine whether the equities would preclude the award of prejudgment interest." *U.S. Industries, Inc. v. Touche-Ross & Co.*, 854 F.2d 1223, 1257 (10th Cir. 1988). Based on the Court's interpretation of the jury award, Plaintiff should be awarded prejudgment interest on only $4,000 worth of damages.

The jury in this case returned a verdict in favor of the Plaintiff for an amount of $1,038,000. The Court then determined that a $500,000 remittitur was appropriate, which Plaintiff later accepted. Plaintiff's award is now $538,000. According to the evidence, approximately $4,000 of the $538,000 stems from lost back wages due to Defendant's failure to promote Plaintiff. The remaining $534,000 in damages stems from pain and suffering.

An award of prejudgment interest on the $4,000 worth of lost back wages would serve a compensatory function. In fact, Defendant appears to agree that prejudgment interest on back wages is appropriate. *See* Answer Opposing Plaintiff's Motion to Amend Judgment to Add Pre-Judgment and Post-Judgment Interest at 4, filed April 9, 2001 *(Doc. 154)*. Moreover, the Court finds that no inequities would preclude such an award. Thus, Plaintiff shall be awarded prejudgment interest on $4,000 worth of lost back wages from the date he was denied the promotion in 1996.

However, the Court finds that an award of prejudgment interest on the remaining

3

$534,000 does not serve a compensatory function and would result in an inequitable windfall to the Plaintiff. First, the jury award of $534,000 for pain and suffering does not represent the return of the loss of the use of money. Therefore, the Court finds that an award of prejudgment interest on $534,000 for pain and suffering does not serve a compensatory function. Furthermore, the equities in this case preclude an award of prejudgment interest on the remaining $534,000. A majority of this amount is for pain and suffering Plaintiff will encounter in the future. Thus, an award of prejudgment interest on this amount would be inappropriate.

### B. Postjudgment Interest

Plaintiff also moves for postjudgment interest in accordance with 28 U.S.C. § 1961(a). Defendant does not dispute this motion, and Plaintiff's statutory entitlement to such an award is clear. Thus, the Court finds that such an award is appropriate. Accordingly, Plaintiff's motion for postjudgment interest is granted.

Wherefore,

IT IS ORDERED that Plaintiff's Motion to Amend Judgment to Add Prejudgment and Postjudgment Interest, filed March 16, 2001 *(Doc. 140)* is granted in part and denied in part. Plaintiff should be awarded prejudgment interest on $4,000. Plaintiff should not be awarded

prejudgment interest on the remaining $534,000. Finally, Plaintiff should be awarded postjudgment interest.

DATED this 18th day of October, 2001.

_____
UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

    Richard Rosenstock, Esq.
    Daniel Yohalem, Esq.
    Santa Fe, New Mexico

Counsel for Defendant:

    Mark E. Komer
    Herrera, Long, Pound & Komer, P.A.
    Santa Fe, New Mexico